IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

United States of America,  *
                           *
                           *
                           *
                           *
        v.                 * No. 97-82-75 (SEC)
                           *
Omar Torres-Bonilla,       *
                           *
                           *

MOTION FOR CONSIDERATION TO AMEND/CORRECT
THE  PRE-SENTENCE  INVESTIGATION  REPORT

NOW, comes Omar Torres-Bonilla, defendant hereby Pro Se, respectfully moves this honorable court for an order to amend/correct the inaccuracies information in his pre-sentence investigation report under rule 35 and/or 36, of the Federal Rules of Criminal Procedure in the above captioned matter.

BACKGROUND:

On or about December 17, 1997, a federal grand jury for the District of Puerto Rico return a supersiding indictment against

to the defendant, charging him with conspiracy to possess with intent to distribute multi-kilograms of cocaine, heroine and marihuna in violation of 21 U.S.C.A. §846.

On January 15, 1998, the defendant was arrested by the federal authority and brought before the United States District Court judge for the District of Puerto Rico. Thereof, he was ordered preventively detained pending a formal detention hearing.

On September 17, 1998, the defendant's entered into a written plea agreement with the United States government in exchange for a sentence of one hundred and eighty (180) months imprisonment followed by five (5) years of supervised release in the above matter.

Furthermore, as part of the plea agreement, the government's agreed not to oppose any request by the defendant that he participate in a drug treatment program, while incarcerated. See plea agreement at paragraphs F&G, page 4.

On March 12, 1999, the Federal Probation Office's prepared a pre-sentence investigation report which contained inaccuracies information in the main body of said report, including the section

entitled charges and convictions and offense conduct; paragraphs 51, 52 and 87 as follow:

The PSI stated that in February of 1997, the defendant was aware of a plan to kidnap and murder Michael Vazquez in furtherance of that plan, the defendant, along with Walter Batiz and Manuel Garcia Torres, waited along the road in a Toyota 4Runner belonging to Dery Ventura. When the persons who had taken Michael Vazquez from his residence arrived, Manuel Garcia Torres entered the vehicle with them. The defendant and Walter Batiz were in the Toyota 4Runner when a vehicle driven by Eddy Vazquez arrived in the area chasing after the vehicle in which his son, Michael was traveling. The vehicle was then placed between Eddy Vazquez' vehicle and the vehicle in which Michael was traveling. During this process, Eddy Vazquez' fired upon the Toyota 4Runner, which sustained a bullet impact in the rim of a tire. See PSI at paragraph 51, supra.

The PSI also stated that the defendant and Walter Batiz then departed the area and the vehicle contained Michael Vazquez proceeded to a location where ultimately, Michael was killed. See PSI at Paragraph 52, supra.

Furthermore, as part of the impact of the plea agreement, the PSI stated that since a victim was killed during the commission of the offense, the defendant could has faced a base offense level of 43 pursuant to the provisions of USSG§2D1.1(b)(1) and 2A1.1 (First Degree Murder). After making the pertinent guideline adjustments, a base offense level of 40 would have prevailed establishing a guideline imprisonment range of 324-405 months. See PSI at paragraph 87, supra. (Part G. Impact of Plea Agreement). The probation office's recommended a two (2) point enhancement under the USSG§2D1.1(b)(1), since weapons were present during and in furtherance the conspiracy.

1. The defendant's filed a timely objections to the above inaccuracies information in his presentence investigation report in the above matter.

2. On March 12, 1999, the Court's adopted the factual findings and guideline application in the presentence report; except that the court's found that the two level enhancement recommendation under USSG§2D1.1(b)(1) for weapons does not apply. Thus the court's imposed a 180 months imprisonment followed by five years of supervised release.

3. Even though, the court's found that the two level enhancement recommended by the probation office under USSG§2D1.1(b)(1) for weapons does not apply, the court's sentenced the defendant without addressing his objection to the inaccuracies information in his pre-sentence investigation report.

4. The defendant's averts that he has been prejudiced by the inaccuracies information in his pre-sentence investigation report in his efforts to obtain the Five Hundred Hours Drug Program and its incentive at the Bureau of Prisons.

5. The defendant's asserts that it was stipulated by both parties (the U.S. government and defendant) that the government would not oppose any request by defendant that he participate in a drug treatment program, while incarcerated; since that clause has been violated by the government throught its own agency "Bureau of Prisons" by denied him to participate on the Five Hundred Hours Drug Program and its incentive based upon the inaccuracies in his pre-sentence investigation report.

6. Specifically, the Bureau of Prisons alleged/claims that the defendant offense contained an element of violence. In contrast, defendat's asserts that at not time, had he being accused, charged and/or investigated for any of the inaccuracies information as

stated in his pre-sentence investigation report. Furthermore, the supersiding indictment's charged him with conspiracy to possess with intent to distribute multi-kilograms of cocaine, heroine and marihuna in violation of 21 U.S.C.A.§846. Consequently, the pre-sentence investigation report should be amended to corrected and/or delete the above inaccuracies describing the defendant charged in the above captioned matter.

WHEREFORE, Defendant prays this honorable court grant the above motion. It is further requests that the court finds that the defendant has been prejudiced with the inaccuracies information in his pre-sentence investigation report. Thus the court should issue an appropriate order and also the court should append a copy of its determinations under rule 32(c) of the Fed.R.C.P. to the copy made available to the Bureau of Prisons in the above captioned matter.

Respectfully Submitted,

*Omar Torres-Bonilla* (signature)

Omar Torres-Bonilla
ID#15557069
FCI-Fort Dix
Post Office Box 2000
Fort Dix, N.J. 08640

CERTIFICATE OF SERVICE

The undersigned hereby certify that a true and correct copy of the foregoing (MOTION FOR CONSIDERATION TO AMEND/CORRECT THE PRE-SENTENCE INVESTIGATION REPORT), has been served upon to the person below, by placing same first class U.S. mail postage prepaid properly addressed on this twelve (12) days of August 2008, to:

U.S. Attorney Office
Federal Building
Room 452
150 Carlos Chardon Avenue
Hato Rey, P.R. 00918

Sincerely,

Omar Torres-Bonilla
ID#15557069
FCI-Fort Dix
Post Office Box 2000
Fort Dix, N.J. 08540